## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PASSION GREER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-01806-SMY** |
| | ) | |
| **ST. CLAIR COUNTY, ILLINOIS,** | ) | |
| **ST. CLAIR SHERIFF'S OFFICE,** | ) | |
| **POLICE DEPT. OF BELLEVILLE, IL,** | ) | |
| **W. KEYES,** | ) | |
| **GREG HOSP,** | ) | |
| **ETHAN HANRAHAN,** | ) | |
| **SEAN SCHMIDT,** | ) | |
| **AARON HACKLEMAN,** | ) | |
| **DARREN RUCKER,** | ) | |
| **C. FRUEND, and** | ) | |
| **UNKNOWN OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**YANDLE, Chief District Judge:**

Plaintiff Passion Greer filed this action under 42 U.S.C. § 1983 for constitutional deprivations arising from an allegedly unlawful search, seizure, and arrest in St. Clair County, Illinois. (Doc. 14). She requests money damages. *Id.* Greer also seeks permission to proceed *in forma pauperis* (IFP). (Docs. 4 and 11). The IFP motions are subject to review under 28 U.S.C. § 1915(a)(1), and the Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

### <u>Motions for Leave to Proceed *in forma pauperis*</u>

Pursuant to 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that the person is unable to pay such fees or give security therefor." *Id.* Greer submitted sworn statements indicating that she lacks sufficient income or

1

assets to pay the filing fee for this action, *see* Docs. 4 and 11.  Based on these representations, the Court finds that Greer is indigent and unable to pay the filing fee.  However, the Court's inquiry does not end there.

### Merit Review Under 28 U.S.C. § 1915(e)(2)

Section 1915(e)(2) requires threshold scrutiny of Greer's Amended Complaint (Doc. 14).  A district court can deny a qualified plaintiff leave to proceed IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Amended Complaint

Greer makes the following allegations in the Amended Complaint (Doc. 14, pp. 1-9): After receiving an anonymous tip, St. Clair County officers began monitoring Greer's home for evidence of drug activity in December 2023. *Id*. at 2.  Captain Greg Hosp ran the surveillance operation, with the approval of Lieutenant Keyes.  St. Clair County Drug Tactical Unit (DTU) Detective Aaron Hackleman repeatedly conducted surveillance of the residence, but observed nothing justifying a warrant in December 2023 and January 2024. *Id*.

Investigators decided to fabricate evidence on January 11, 2024.  When Greer and David Fields left the residence together in a vehicle on that date, Captain Hosp, Detective Hackleman, and Officer Rucker (Belleville Police Department) followed.  They used a traffic violation as a pretext to stop Fields's vehicle. *Id*. at 2, 4.  Although Fields was pulled over for allegedly speeding,

2

the officers did not request his identification, run a background check, or issue him a warning or citation. *Id*. at 4. They simply held the vehicle until a canine unit arrived. While speaking in a foreign language, the canine officer ordered the dog to "hit" the car, and this "hit" provided cause for the searches that ensued. *Id*. Fields and Greer were ordered to exit the vehicle. *Id*. at 2. Officer Rucker searched Fields and found nothing, while Officer Fruend searched Greer and found nothing. *Id*. at 3. When Detective Hackleman searched the vehicle, he found marijuana. Fields and Greer were arrested.

The officers then gathered in front of a camera and conspired to conduct a warrantless search of Greer's home. To obtain her consent, Hackleman and Schmidt interrogated Greer late into the evening until she relented and agreed to the search of her residence. Hosp, Hackleman, and Schmidt accompanied Greer to her home where a search produced a gun and more marijuana. The officers assumed the gun belonged to Fields when it was registered to someone else. *Id*. at 5.

Fields was taken into custody, denied bail, and held for almost sixteen months while awaiting a hearing. At a suppression hearing, the judge was "stunned" by the officers' conduct. *Id*. The judge found that the only possible reason given by the officers for the traffic stop was a traffic violation, but they took no action consistent with a traffic stop. They also issued no citation before calling the canine unit. Given this, the court found that the officers acted "completely lawlessly *ab initio*." *Id*. All evidence from the unlawful search was suppressed, and the case against Fields was ultimately dismissed.

Meanwhile, Greer was subjected to a "book and release" to coerce her consent to a home search. *Id*. at 7. The officers booked her for the sole purpose of pressuring her to let them search her home. *Id*. at 7-9. Once she agreed, Greer was released. *Id*.

Based on these allegations, the Court designates the following claims in the *pro se* Amended Complaint:

**Count 1:**     Fourth Amendment claim against Defendants Hosp, Keyes, and Hackleman for setting up surveillance of Greer's home based on an anonymous tip in December 2023 and January 2024.

**Count 2:**     Fourth Amendment claim against Defendants Hosp, Hackleman, and Rucker for the unreasonable traffic stop of David Fields that resulted in a canine sniff on January 11, 2024.

**Count 3:**     Fourth Amendment claim against Defendants Hosp, Rucker, Fruend, and Hackleman for an unreasonable search and/or seizure of Greer at a traffic stop on January 11, 2024.

**Count 4:**     Fourth Amendment claim against Defendants Hosp, Hackleman, and Schmidt for coercing Greer's consent to a search of her residence on or around January 11, 2024.

Any claim that is not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

**Preliminary Dismissals**

Greer identifies the following defendants in the Amended Complaint but makes no allegations against them: St. Clair County, St. Clair Sheriff's Office, Belleville Police Department, Ethan Hanrahan, and other Unknown Officers. Invoking the names of potential defendants by listing them as parties is not enough to state claims against them. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Greer must also describe the acts or omissions of each defendant that violated her rights. When the defendant is a municipality, Greer must identify a municipal policy, custom, or widespread practice that caused the constitutional deprivation. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Because Greer makes no allegations against St. Clair County, St. Clair

4

Sheriff's Office, Belleville Police Department, Ethan Hanrahan, or the Unknown Officers, these defendants will be dismissed from this action without prejudice.

### Count 1

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. CONST. amend IV. However, it offers no protection for "[w]hat a person knowingly exposes to the public, even in his own home . . . ." *California v. Ciraolo*, 476 U.S. 207, 213 (1986) (citation omitted). Police may observe anything that can be seen "from a public vantage point where [they have] a right to be and which renders the activities clearly visible." *Id*. at 213. When analyzing claims under the Fourth Amendment, the key question is "whether a person has a constitutionally protected reasonable expectation of privacy." *Id*. at 211. (citation and quotations omitted).

Here, Greer alleges that Hosp, Keyes, and Hackleman conducted surveillance of her home based on an anonymous tip in December 2023 and January 2024. She further alleges that officers were located within plain view of the residence but not on the property, observed no activity justifying the issuance of a warrant, abandoned their surveillance of the residence, and later stopped David Fields for speeding after he left the residence on January 11, 2024. Simply conducting surveillance of Greer's residence from a public location based on an anonymous tip does not violate the Fourth Amendment. Therefore, Count 1 will be dismissed without prejudice for failure to state a claim against Officers Hosp, Keyes, and Hackleman.

### Count 2

According to the allegations, David Fields was stopped for speeding, while Greer was a passenger in the vehicle. The unlawful traffic stop claim in Count 2 pertains to David Fields, who

is proceeding with his claims in a separate case, *see Fields, et al. v. Illinois, et al.*, No. 25-cv-01805-SPM (S.D. Ill. filed Sept. 19, 2025) and no longer a plaintiff in this case. Therefore, Count 2 will be dismissed without prejudice from this action.

## Count 3

The Fourth Amendment protects against seizures that, although lawful at their inception, are "prolonged beyond the time reasonably required to complete the initial mission of the stop." *United States v. Rodriguez-Escalera*, 884 F.3d 661, 668 (7th Cir. 2018) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). Officers cannot extend a stop beyond the time required to issue a ticket to include a dog sniff without "independent reasonable suspicion to justify the sniff." *United States v. Lewis*, 920 F.3d 483, 491 (7th Cir. 2019) (citing *Rodriguez v. United States*, -- U.S. --, 135 S.Ct. 1609, 1614-16 (2015)).

Greer alleges that Hosp, Hackleman, and/or Rucker unlawfully prolonged the traffic stop to arrange a dog sniff and "hit" used to justify Fruend's search of Greer, Rucker's search of Fields, and Hackleman's search of the vehicle, where the discovery of marijuana led to arrests. These allegations are sufficient to state a viable claim in Count 3 against Hosp, Hackleman, Fruend, and Rucker.

## Count 4

The Fourth Amendment prohibits involuntary or coerced consent to the search of a residence. It requires that "consent not be coerced, by explicit or implicit means, by implied threat or covert force." *United States v. Thurman*, 889 F.3d 356, 367 (7th Cir. 2018) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 228 (1973)). A warrantless search of a residence is constitutional where police officers first receive voluntary consent. *United States v. Hicks*, 650 F.3d 1058, 1064 (7th Cir. 2011). Whether consent is knowing and voluntary depends on the circumstances

surrounding the search.  *United States v. Hardin*, 710 F.2d 1231, 1236 (7th Cir.), *cert. denied*, 464 U.S. 918 (1983).

Greer alleges she was coerced into consenting to a warrantless search of her residence on or around January 11, 2024.  Specifically, she alleges that Hackleman and Schmidt booked her into jail and interrogated her late into the evening until she agreed to the search of her residence.  Based on these allegations, Count 4 survives screening against Hackleman and Schmidt.  Because Greer does not allege that Hosp had any involvement in coercing her consent, this claim will be dismissed without prejudice against him.

### **Disposition**

Plaintiff Passion Greer's Amended Complaint (Doc. 14) survives screening under 28 U.S.C. § 1915(e)(2), and the Motions for Leave to Proceed *in forma pauperis* (Docs. 4 and 11) are **GRANTED** based upon the information provided therein.

The following claims survive screening under 28 U.S.C. § 1915(e)(2):

- **COUNT 3** against **HOSP, RUCKER, FRUEND** and **HACKLEMAN**.

- **COUNT 4** against **HACKLEMAN** and **SCHMIDT**.

The following claims are dismissed without prejudice for failure to state a claim:

- **COUNT 1** against **HOSP, KEYES,** and **HACKLEMAN**.

- **COUNT 2** against **HOSP, HACKLEMAN,** and **RUCKER**.

- **COUNT 4** against **HOSP**.

The following defendants are dismissed without prejudice and terminated as parties:

- Defendants **KEYES, ST. CLAIR COUNTY, ILLINOIS, ST. CLAIR SHERIFF'S OFFICE, BELLEVILLE POLICE DEPARTMENT, ETHAN HANRAHAN,** and **UNKNOWN OFFICERS**.

The Clerk shall prepare for **GREG HOSP, DAREN RUCKER, C. FRUEND, AARON**

7

**HACKLEMAN,** and **SEAN SCHMIDT:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 14) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE KEYES, ST. CLAIR COUNTY, ILLINOIS, ST. CLAIR SHERIFF'S OFFICE, BELLEVILLE POLICE DEPARTMENT, ETHAN HANRAHAN, and UNKNOWN OFFICERS and UNKNOWN OFFICERS as defendants in CM/ECF.**

IT IS SO ORDERED.

DATED:  June 8, 2026

**STACI M. YANDLE**
**Chief U.S. District Judge**

9

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**